IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-00024-REB-PAC

ANTHONY C. WILLIAMS,
    Plaintiff,
v.

GUS R. SANDSTROM, and
MATT RICHARDSON,
    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915.  §1915(b)(2) requires an indigent inmate plaintiff to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full. Plaintiff has been instructed to make such payments.  *See* Orders of January 4, 2007 (Doc. # 2).

I.

On January 4, 2007, plaintiff was ordered either to make the required monthly payments or to show cause why he had no assets and no means by which to make the monthly payments.  (*See* doc. # 2).  On May 24, 2007, plaintiff was ordered either to make the required monthly payments or to show cause why he had no assets and no means by which to make the monthly payments from February, March and April 2007 to the present.  (*See* doc. # 41).  Plaintiff was warned that a failure to comply with that Order would result in the dismissal of his complaint and the action.  Notwithstanding that Order and warning, plaintiff has not made any payments, nor has he submitted any

inmate account statements showing that he had no assets and no means by which to make a monthly payment. Plaintiff therefore has not complied with the court's January 4, 2007 and May 24, 2007 Orders.

II.

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the court enumerated the factors to be considered when evaluating grounds for dismissal of an action. The factors are: "1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant," [and] (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance.... " *Ehrenhaus*, 965 F.2d at 920; *see also Gates Rubber Co. v. Bando Chemicals, et al*, 167 F.R.D. 90, 101 (D. Colo. 1996)(M.J. Schlatter)(citing Ehrenhaus). I now turn to the *Ehrenhaus* factors.

*1. Prejudice to the Defendant*

From a review of his case file, I find that plaintiff's failure to provide either a monthly payment or to demonstrate his inability to pay by presenting a verified copy of his inmate account, has not delayed the progression of his case toward resolution, nor have defendants been prejudiced or adversely impacted.

*2. Interference With the Judicial Process*

Here, I consider plaintiff's failure to comply with this court's January 4, 2007 and May 24, 2007 Orders. I recommend finding that plaintiff's persistent failure to follow the court's order with respect to his obligation to pay the filing fee, and the court's continual review of his file and issuance of orders regarding the filing fee increase the workload

of the court and therefore interfere with the administration of justice.

### 3. Culpability of the Plaintiff

Plaintiff was given express orders to make payments towards the filing fee or to show cause why he could not. (*See* Orders dated January 4, 2007 (doc. # 2) and May 24, 2007 (doc. # 41)). Plaintiff was ordered to show cause why his case should not be dismissed for the failure to make payments. Plaintiff failed to respond to that Order. From that record before the court, I must draw the conclusion that plaintiff is blameworthy because he has willfully ignored this court's Orders.

### 4. Advance Notice of Sanction of Dismissal for Noncompliance

Plaintiff has previously been warned that he risked dismissal of his case if he continued to fail to comply with this court's Order. (*See* May 24, 2007 Order (doc. # 41)).

Upon weighing the *Ehrenhaus* factors, I find that, although Defendants are not prejudiced by plaintiff's failure to follow the court's orders, plaintiff has impeded the orderly administration of justice in general because the court is required to evaluate plaintiff's ability to pay each month. Plaintiff further has disregarded and failed to respond to this court's Order; and finally, he has been warned that his case would be dismissed if he continued to ignore court orders. Three out of four *Ehrenhaus* factors thus weigh against plaintiff so that a recommendation of dismissal is appropriate.

III.

Accordingly, for the reasons stated, it is

**RECOMMENDED** that the complaint and this action be **dismissed with**

**prejudice** for failure to comply with the Court's January 4, 2007 and May 24, 2007 Orders.

**Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of this recommendation to file with the assigned District Judge any specific written objections to the findings of fact, conclusions of law, or recommendations of the Magistrate Judge as set forth in this document.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file specific written objections to the findings of fact, conclusions of law, or recommendations as set forth in this document will bar the party from *de novo* determination by the District Judge.  *See United States v. Raddatz*, 447 U.S. 667, 676-83 (1980). Additionally, the failure to file specific written objections to the findings of fact, conclusions of law, or recommendations of the Magistrate Judge in this document will bar appellate review of the findings of fact, conclusions of law, or recommendations of the Magistrate Judge in this document.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Talley v. Hesse*, 91 F.3d 1411 (10th Cir. 1996).**

DATED at Denver, Colorado, this  day of June, 2007.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge