IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00024-REB-KLM

ANTHONY C. WILLIAMS,

    Plaintiff,

v.

GUS R. SANDSTROM, and
MATT RICHARDSON,

    Defendants.

---

ORDER OVERRULING OBJECTION TO AND
ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

---

**Blackburn, J.**

This matter is before me on (1) the **Recommendation of United States Magistrate Judge** [#55], filed June 14, 2007; and (2) plaintiff's objections to the recommendation, which are captioned, **Regarding: Report and Recomendation** (sic) **to dismiss complaint Filed By Magistrate Judge Craig B. Shaffer on 6-14-07** [#56], filed June 28, 2007. I overrule the objections, adopt the recommendation, and dismiss this case with prejudice for failure to comply with the lawful orders of the court.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw. In addition, because plaintiff is proceeding *pro se*, I have construed his filings generously and with the leniency due *pro se* litigants. **See Erickson v. Pardus**, ___ U.S.___, 127 S. Ct. 2197, 2200 (2007);

***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff was granted leave to proceed *in forma pauperis* on January 4, 2007. He was ordered to pay a partial filing fee of $6.00 within 30 days or to show cause why he was without the means to do so, and thereafter to make monthly payments of 20 percent of the preceding month's income credited to his trust fund account or show cause why he was without the means to do so. *Order Directing Clerk To Commence Civil Action and Granting Plaintiff Leave To Proceed Pursuant to 28 U.S.C. § 1915* [#2], filed January 4, 2007. Plaintiff was cautioned "that if within the time allowed the plaintiff fails to have the designated initial partial filing fee or monthly payments sent to the clerk of the court or to show cause as directed above whey he has no assets and no means by which to pay the designated initial partial filing fee or make the monthly payments, the Prisoner Complaint will be dismissed without prejudice without further notice." *Id.* at 3.

The plaintiff made the initial $6.00 payment on January 25, 2007. By June 14, 2007, the date on which the Magistrate Judge issued his recommendation, the plaintiff had made no further monthly payments. As of June 14, 2007, the plaintiff had never filed a certified copy of his inmate trust account statement showing that he was unable to make filing fee payments. The requirement that the plaintiff file such a statement, in lieu of a filing fee payment, was stated in the court's January 4, 2007, order.

On May 24, 2007, the Magistrate Judge issued an order noting that the plaintiff had failed to make the required monthly payments, or to show cause why he had no

assets with which to make the monthly payments, for the months of February, March, and April, 2007. *Order Directing Plaintiff To Make Monthly Filing Fee Payment or To Show Cause* [#41], filed May 24, 2007. The plaintiff was warned again in that order that the Magistrate Judge would recommend that the plaintiff's case be dismissed if the plaintiff failed to comply with the January 4 and May 24, 2007, orders. Through June 14, 2007, the plaintiff had not made any further payments and had not filed any document showing cause why he was unable to pay. The Magistrate Judge then issued the recommendation currently at issue.

On July 2, 2007, shortly after the recommendation was filed, the plaintiff tendered two filing fee payments to the court [#57 & #58]. On July 17, 2007, the plaintiff filed a statement [#66] in support of his claim that he was unable to make a filing fee payment. On August 17, 2007, the plaintiff filed a statement [#70] in support of his claim that he was unable to make a filing fee payment. On November 19, 2007, the plaintiff made a filing fee payment [#73]. In sum, the plaintiff complied with the court's orders in January, May, June, July, August, and November of 2007, and he did not comply with the court's orders in February, March, April, September, October, and December, 2007. His non-compliance includes his failure to show cause for his failure to make monthly filing fee payments in February, March, April, September, October, and December, 2007. The plaintiff also did not make a filing fee payment, and did not show cause why he was unable to make a payment, in January, 2008.

In his objection [#56] to the recommendation, the says he delivered to prison officials an envelope for mailing on June 11, 2007. The plaintiff says this envelope,

3

which was addressed to the court, contained a certified account statement and a request for money order. Conceivably, this mailing is the mailing that resulted in the two filing fee payments [#57 & #58] filed on July 2, 2007. He notes also that he must complete a time consuming process to make filing fee payments to the court. This process, however, does nothing to excuse the plaintiff's failure to comply with the court's orders for six of the twelve months in 2007, and for January, 2008.

The recommendation's discussion of the **Ehrenhaus** factors[1] is detailed and well-reasoned. This analysis applies also to the plaintiff's continued failure to comply with the court's orders in the months following the recommendation. For the reasons set forth above, plaintiff's objection is imponderous and without merit. Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#55], filed June 14, 2007, is **APPROVED AND ADOPTED** as an order of this court;

2. That the plaintiff's objections to the recommendation, which are captioned as **Regarding: Report and Recomenation** (sic) **to dismiss complaint Filed By Magistrate Judge Craig B. Shaffer on 6-14-07** [#56], filed June 28, 2007, are

---

[1] By analyzing plaintiff's case pursuant to **Ehrenhaus v. Reynolds**, 965 F.2d 916, 920 (10th Cir. 1992), the magistrate judge appropriately determined that this case should be dismissed with prejudice. **See Cosby v. Meadors**, 351 F.3d 1324, 1333-34 (10th Cir. 2003), **cert. denied**, 124 S.Ct. 2109 (2004); **Martin v. Sherrod**, 2007 WL 1832036 at * 10 (D. Colo. June 25, 2007).

4

**OVERRULED**;

3. That all claims and causes of action asserted by plaintiff against defendants in this lawsuit are **DISMISSED WITH PREJUDICE**;

4. That judgment **SHALL ENTER** under Fed.R.Civ.P. 58 in favor of the defendants, Gus R. Sandstrom and Matt Richardson, and against the plaintiff, Anthony C. Williams, as to all claims and causes of action asserted in this lawsuit;

5. That defendants are **AWARDED** their costs to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

6. That any other pending motions are **DENIED AS MOOT**.

Dated February 19, 2008, at Denver, Colorado.

                                      **BY THE COURT:**

                                      s/ Robert E. Blackburn
                                      **Robert E. Blackburn**
                                      **United States District Judge**